

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2002

# USA v. Fenton

Precedential or Non-Precedential: Precedential

Docket No. 01-3587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Fenton" (2002). *2002 Decisions.* Paper 714.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/714

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed November 8, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3587

UNITED STATES OF AMERICA,

v.

FREDDIE FENTON, a/k/a FRED FOX;
a/k/a FRED BARRETT,

        Freddie Fenton, Appellant.

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 01-cr-00149)
District Judge: The Honorable J. Curtis Joyner

Argued September 10, 2002

Before: NYGAARD, ROTH, and WEIS, Circuit Judge s.

(Filed November 8, 2002)

        Glennis L. Clark, Esq. (Argued)
        532 Walnut Street
        Allentown, PA 18101
         Counsel for Appellant




        Robert A. Zauzmer, Esq. (Argued)
        Robert K. Reed, Esq.
        Howard L. Perzan, Esq.
        Office of the United States Attorney
        Suite 1250, 615 Chestnut Street
        Philadelphia, PA 19106
         Counsel for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Freddie Fenton pleaded guilty to five counts of a criminal information charging (1) conspiracy to commit crimes against the United States; (2) conspiracy to possess with intent to distribute controlled substances; (3) pharmacy burglary; (4) bank burglary; and (5) possession of a firearm by a convicted felon. The District Court sentenced Fenton to a term of imprisonment of 240 months. Fenton raises two allegations of error: 1) that the District Court erred by denying his motion to withdraw his guilty plea,1

and 2) that the District Court erred by imposing a four-level enhancement for being a felon in possession of a firearm, pursuant to U.S.S.G. S 2k2.1(b)(5). Courts of Appeals are split on the question of whether a single act that violates both a state law and a federal law, may be both the offense of conviction and "another felony offense" within the purview of U.S.S.G. S 2K2.1(b)(5). We hold that a state law crime, identical and coterminous with the federal crime, cannot be considered as "another felony offense" within the

---

1. Fenton argues that the District Court should have permitted him to withdraw his plea of guilty because (1) he is innocent as one of his alleged co-defendants did not receive or purchase any pills and therefore the government could not prove that the drugs were taken for the purposes of distribution; (2) his guideline sentences are substantially greater than those of co-defendants with greater culpability; and (3) his counsel misled him regarding the potential guideline sentence range. His arguments are meritless. We have reviewed the record and find that each of his allegations of error are refuted. We see no abuse in the District Court's considerable discretion is denying Fenton's request to withdraw his guilty plea, and affirm as to this issue.

2

meaning of the Sentencing Guidelines. We will vacate appellant's sentence and remand for re-sentencing.

In the first six months of 1997, Fenton committed three separate offenses, and was charged with several crimes. First, he broke into a pharmacy with an accomplice and stole cash and drugs that were later sold. This burglary was the subject of counts two and three of the information. Next, Fenton broke into another pharmacy with two different accomplices and tried to break into an automated teller machine. Fenton got no money from the ATM, but he did cause approximately $17,000 in damage to the machine. This offense was addressed in counts one and four of the information. Finally, the three accomplices broke into a sporting goods store -- a federally licensed firearms dealer -- and stole a number of handguns.

A few hours after the sporting goods store job, one of the accomplices returned to the store with Fenton and stole rifles and shotguns, which they later sold. Fenton had a number of felony convictions and was therefore prohibited from possessing any firearm. This offense was addressed in counts one and five of the information.

Fenton pleaded guilty to the theft of firearms from the sporting goods store, which theft made him a felon in possession of a firearm, in contravention of 18 U.S.C. 922(g). The District Court imposed a two-level upward adjustment pursuant to S 2K2.1(b)(4) because the firearms involved in the offense were stolen. The District Court then enhanced Fenton's sentence four more levels pursuant to U.S.S.G. S 2K2.1(b)(5). This provision states:"If the defendant used or possessed any firearms or ammunition in connection with another felony offense . . . increase by

4 levels." U.S.S.G. S 2K2.1(b)(5). The District Court considered the sporting goods store burglary to be "another felony offense."2

_____

2. We review the District Court's interpretation of the phrase "another felony offense" de novo. E.g., United States v. Butch, 256 F.3d 171 (3d Cir. 2001) (holding that we review de novo district court's interpretation and application of Sentencing Guidelines, but review for clear error district court's findings of fact supporting application of Guidelines).

3

Fenton contends that because his only conduct was stealing firearms from the sporting goods store, the District Court's interpretation of "another felony offense" would punish him twice for the same underlying conduct. The first issue then is: when felonious conduct violates a state law and a federal weapons law, does the state law crime qualify as "another felony offense" for purposes of the enhancement under S 2K2.1(b)(5)? In other words, may the Court use the same conduct to support the base offense level for the substantive offense, and thereafter, as "another felony offense" to enhance the sentence? Although Courts of Appeals are divided on this issue, we now hold that "another felony offense" means a felony or act other than the one the sentencing court used to calculate the base offense level.

In reaching our conclusion that "another felony offense" cannot apply to the same felonious conduct for which the criminal defendant is being sentenced, we elect to join the Seventh and Sixth Circuit Courts of Appeals. United States v. Szakacs, 212 F.3d 344, 348-52 (7th Cir. 2000); United States v. McDonald, 165 F.3d 1032, 1037 (6th Cir. 1999) (relying on United States v. Sanders, 162 F.3d 396, 399-401 (6th Cir. 1998)). We decline to follow decisions in the Fifth and Eighth Circuits. See United States v. Luna , 165 F.3d 316, 323 (5th Cir. 1999) (upholding the application of both the (b)(4) and (b)(5) enhancements when a convicted felon was prosecuted in federal court for possession of firearms which were obtained through a burglary); United States v. Kenney, 283 F.3d 934, 938 (8th Cir. 2002) (holding that the Commission intended to allow both the (b)(4) and (b)(5) enhancements to apply to the same conduct).

To evaluate the phrase "another felony offense," we must look to the language and structure of S 2K2.1, as well as an application note to the Guidelines, U.S.S.G. S 2K2.1, cmt. n.18. First, a plain reading of the Guideline clearly suggests that there must be a second crime committed by the defendant before imposing the enhancement. The Guideline does not allow enhancement for "any" felony offense; it specifically requires "another" offense.

Also, the application note to the Guideline is helpful. Application note 18 states:

4

> As used in subsections (b)(5) and (c)(1), "another felony
> offense" . . . refers to offenses other than . . . firearms
> possession or trafficking offenses. However, where the
> defendant used or possessed a firearm or explosive to
> facilitate another firearms or explosives offense (e.g.,
> the defendant used or possessed a firearm to protect
> the delivery of an unlawful shipment of explosives), and
> upward departure under S 5K2.6 (Weapons and
> Dangerous Instrumentalities) may be warranted.

U.S.S.G. S 2K2.1, cmt. n.18.

This commentary refers to offenses other than the
firearms possession offense. In this case, there was no
other offense: there was no allegation that Fenton
possessed any firearms when he entered the sporting goods
store, nor was there any allegation that Fenton used the
stolen firearms to commit any crimes after the theft.
Fenton's conduct was essentially stealing objects from the
sporting goods store, and those objects included both
firearms and non-firearms.

In addition, we are troubled by the fact that almost every
federal weapons offense could be prosecuted
simultaneously under state law. Therefore, deciding this
issue as the Courts of Appeals for the Fifth and Eighth
Circuits have would require enhancement for almost every
weapons offense. Interpreting the Guideline "to allow a
state law offense based on the exact same offense conduct
to count as 'another felony offense' renders 'the word
"another" . . . superfluous, and of no significance to the
application of that provision.' " Szakacs , 212 F.3d at 350
(quoting Sanders, 162 F.3d at 400). We agree with the
Courts of Appeals for the Sixth and Seventh Circuits that
"since almost all federal crimes can also be characterized as
state crimes, the government's reading of 'another felony
offense' would permit the 'automatic application of this
significant 4 level Guideline enhancement.' " Id. It is only
intuitive, then, that the phrase "another felony offense"
requires a distinction in time or conduct from the offense of
conviction.3

_____

3. Although we do not think that the phrase "another felony offense" is
open to two readings, we note that where, as here, the Guidelines do not

We therefore conclude that the District Court erred by
applying S 2K2.1(b)(5) to enhance Fenton's offense level by
four levels. We will vacate Fenton's sentence and remand
the case to the District Court for it to recalculate a sentence
not inconsistent with this opinion.

_____

clearly call for enhancement, the rule of lenity should prevent the
application of a significantly increased sentence. McNally v. U.S., 483

U.S. 350, 359-60 (1987) ("when there are two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language").

ROTH, Circuit Judge, dissenting:

I respectfully disagree with the majority that the district court "double counted" when it applied a four level sentencing enhancement pursuant to Section 2K2.1(b)(5) of the United States Sentencing Guidelines ("USSG") in calculating the offense level for defendant's conviction for possession of firearms by a convicted felon because the firearms were used in connection with another felony, namely burglary. "Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Kenney, 283 F.3d 934, 936 (8th Cir. 2002), cert. denied, #6D6D 6D# S.Ct. ___, 2002 WL 1399045 (Oct. 7, 2002). In this case, neither defendant's conviction for being a felon in possession of firearms, nor his enhancement pursuant to Section 2K2.1(b)(4) for possessing stolen firearms, fully accounts for the harm posed by his possession of firearms during a burglary.

Section 2K2.1(b)(5) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." Application Note 18 to Guideline 2K2.1 defines "another felony offense" as "offenses other than . . . firearms possession or trafficking offenses." In this case, the burglary of Beck's Sporting Goods Store is an offense other than the felon in possession offense. Burglary is a crime of violence directed against property, see United States v. Parson , 955 F.2d 858, 861 n. 1, 865 (3d Cir. 1992), while what the felon in possession of firearms statute seeks to combat is the risk that a felon who possesses firearms is more likely than the average person who possesses firearms to use the firearms for criminal purposes because, "by past deeds that felon has shown the willingness to engage in criminal activity . . . ." Impounded (Juvenile R.G.), 117 F.3d 730, 738 n. 13 (3d Cir. 1997). Further, even though defendant did not possess the firearms when he entered the sporting goods store, obtaining the firearms in the store was sufficient to satisfy the "in connection with" prong. The "subsequent possession of firearms satisfies the nexus requirement for possession . . . because those firearms were possessed and

could have been used to facilitate the [burglary]." United States v. Armstead, 114 F.3d 504, 512 (5th Cir.), cert. denied, 522 U.S. 922 (1997).

The majority, relying on United States v. Sanders, 162 F.3d 396 (6th Cir. 1998), holds that the district court erroneously double counted when it enhanced defendant's

sentence pursuant to Section 2K2.1(b)(5). See id . (holding that a district court improperly double counted when it applied an enhancement under Section 2K2.1(b)(5) for the other felony of burglary to a felon in possession conviction and a knowingly transporting stolen firearms conviction, where a convicted felon defendant stole firearms from a pawn shop). However, Sanders incorrectly determined that the burglary of the firearms was "a factor that had already been taken into account in [defendant's] Sentencing Guideline calculations: S2K2.1(a)(6) prohibited person, S2K2.1(b)(1)(F), 50 or more firearms, and S2K2.1(b)(4) stolen firearms." 162 F.3d at 400.

The conviction for being a felon in possession of firearms accounts for the risk that a felon who possesses firearms is more likely to use those firearms in criminal activity and applies to any felon who possesses a firearm, even if he is not using the firearms for any illegal purpose. However, this does not fully account for the additional risk addressed by Section 2K2.1(b)(5), that law enforcement officers or an innocent bystander will be shot when anyone, whether or not he is a felon, possesses a firearm during the commission of a felony. See United States v. Luna, 165 F.3d 316, 323 (5th Cir.), cert. denied 526 U.S. 1126 (1999). In other words, in this case, the risk that defendant would use the firearms was increased by the fact that he was a convicted felon and by the fact that he possessed those firearms during a burglary. The felon in possession statute addresses the first risk and the enhancement under Section 2K2.1(b)(5) addresses the second.

The difference in the harm that arises when a felon possesses firearms and the harm that arises when a person possesses firearms in connection with another felony can be seen from the fact that, had defendant, as a felon, possessed the firearms before he broke into Beck's Sporting Goods Store, Section 2K2.1(b)(5) would apply. See, e.g.,

8

United States v. Rutledge, 28 F.3d 998 (9th Cir. 1994), cert. denied, 513 U.S. 1177 (1995) (holding that there was no double counting where a district court applies Section 2K2.1(b)(5) to enhance a conviction for being a felon in possession where the defendant used a firearm to rob a shop). Defendant does not dispute that the enhancement under S2K2.1(b)(5) would be appropriate in Rutledge, but rather, relying on Sanders, argues that Rutledge is distinguishable because the other felony in that case involved "a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." Sanders, 162 F.3d at 400. However, the threat to law enforcement officials and the general public is no less merely because defendant obtained the firearms while inside the store, as opposed to bringing the firearms with him into the store. In either case, he possessed deadly weapons, and his possession of firearms as a convicted felon was distinct conduct from his burglary

of the store.

Likewise, the two level enhancement defendant received
under Section 2K2.1(b)(4), which provides "[i]f any firearm
was stolen . . . increase by 2 levels," does not address the
harm to law enforcement and the general public posed by
a person possessing firearms while committing another
felony because:

> [s]ubsection (b)(4) increases a base offense level ipso
> facto if the thing possessed by the defendant is a stolen
> firearm. For example, if [defendant] had received the
> stolen firearm in his home and subsequently been
> convicted for attempting to sell it, his sentence would
> have been enhanced under subsection (b)(4) because
> the firearm he sought to sell was stolen. But assuming
> that he committed no underlying felony, he would not
> have received an enhancement under subsection (b)(5).
> Subsection (b)(5) requires an increase in the base
> offense level when the firearm in question is somehow
> involved in another felony offense.

Luna, 165 F.3d at 323. "Subsection (b)(4) deals with the
stolen nature of the firearms themselves, regardless of the
possessor's knowledge of or participation in obtaining the

stolen weapons. In contrast, subsection (b)(5) addresses the
conduct surrounding the possession of the firearms,
specifically concerning the use or possession of the firearms
in connection with other prohibited conduct." Kenney, 283
F.3d at 938; see also, USSG S2K2.1 Application Note 19. As
the district court noted:

> If the Court accepts defense counsel's argument, then
> essentially what you have here is a burglary which
> goes unchallenged, or that there are no guidelines or
> anything which adequately takes into consideration
> that element of the crime, because essentially what we
> would be doing is just focusing on the fact that the
> defendant, [a] convicted felon, possessed stolen
> firearms. But the offense encompasses more than that.
> It is also a burglary.

Appendix 61a.

In sum, defendant's conviction for being a felon in
possession of firearms, and the enhancement under Section
2K2.1(b)(4) for possessing stolen firearms, do not fully
account for the harm posed by the fact that those stolen
firearms were possessed in connection with the other felony
of burglary. Accordingly, I respectfully dissent.

A True Copy:
Teste:

>       Clerk of the United States Court of Appeals
>       for the Third Circuit