# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1393

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
      v.      *    District Court for the
     *    Western District of Missouri.
Clyde E. Hedger,      *
     *
        Appellant.      *

_____

Submitted: September 9, 2003

Filed: January 12, 2004

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

After Clyde E. Hedger (Hedger) pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced Hedger to 33 months imprisonment and three years supervised release. On appeal, Hedger contends the district court impermissibly double counted when it imposed (1) a two-level enhancement under subsection 2K2.1(b)(4) of the United States Sentencing Guidelines (U.S.S.G.) for possessing a stolen firearm and (2) a four-level

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

enhancement under subsection 2K2.1(b)(5) for possessing a firearm in connection with another felony offense, stealing the subject firearm. We affirm.

## I.  BACKGROUND

On September 22, 2001, a .38 caliber revolver was reported stolen from a gun shop in Lee's Summit, Missouri. On that same date, Hedger was seen carrying a .38 caliber revolver in another area gun shop in Bates County, Missouri. The owner of the Bates County gun shop knew Hedger was a convicted felon and was prohibited from possessing firearms, and the gun shop owner contacted the police. When Hedger was arrested later the same day, he possessed a .38 caliber revolver and an assortment of ammunition. The owner of the Lee's Summit gun shop identified Hedger as being present in the gun shop at the approximate time the revolver was stolen.

Hedger was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After pleading guilty to the charge, Hedger was sentenced to 33 months imprisonment. In sentencing Hedger, the district court assessed the (b)(4) enhancement because the firearm Hedger possessed was stolen, and the (b)(5) enhancement because the firearm was possessed in connection with another felony offense, stealing the same firearm.

Hedger contends he possessed the firearm as a consequence of stealing the firearm, and assessing both enhancements constituted impermissible double counting. Hedger further points out he did not use the gun in committing the theft, and after leaving the gun shop with the revolver, he did not use the firearm to commit other offenses. Hedger argues there should be some distinction between the theft of the firearm and possession of the same stolen firearm; that is, two offenses committed contemporaneously should not warrant application of the (b)(5) enhancement.

## II. DISCUSSION

"We review the district court's application of the sentencing guidelines, including the permissibility of double counting, *de novo*." United States v. Kenney, 283 F.3d 934, 936 (8th Cir.), cert. denied, 537 U.S. 867 (2002). "Double counting occurs when 'one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.'" United States v. Pena, 339 F.3d 715, 719 (8th Cir. 2003) (quoting United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)). "Considering the same factor in multiple stages of the sentencing process is not necessarily double counting, however." Pena, 339 F.3d at 719 (citing Koon v. United States, 518 U.S. 81, 96 (1996)). Double counting may be permissible where "(1) the Sentencing Commission intended the result and (2) 'each statutory section concerns conceptually separate notions relating to sentencing.'" Kenney, 283 F.3d at 937 (quoting United States v. Rohwedder, 243 F.3d 423, 427 (8th Cir. 2001)).

Because Hedger was convicted of violating 18 U.S.C. § 922(g)(1), the applicable Sentencing Guideline is section 2K2.1. Subsection (b)(4) provides for a two-level enhancement "[i]f any firearm was stolen." Subsection (b)(5) provides a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."

Our Kenney decision controls the disposition of this case. In Kenney, the district court sentenced Michael Kenney for being a felon in possession after Kenney removed four firearms from his parents' house and pawned them. In state court, Kenney pled guilty to forgery and third degree burglary. Later, on the federal felon in possession charge, the district court applied the two-level (b)(4) enhancement because the firearms Kenney possessed were stolen, and the four-level (b)(5) enhancement because Kenney used the firearms in connection with another felony offense, the burglary through which the firearms were obtained. Kenney, 283 F.3d at 937. We noted the (b)(4) enhancement clearly applied because the firearms were

stolen. Id. at 938. Subsection (b)(4), we explained, addresses the stolen nature of the firearms, regardless of whether the possessor had knowledge or reason to believe the firearms were stolen. Therefore, we observed, "it makes sense that the (b)(4) enhancement accounts only for the stolen nature of the possessed firearm, not the act of stealing it." Id. at 939 (citing United States v. Hawkins, 181 F.3d 911, 913 (8th Cir. 1999) (explaining the (b)(4) enhancement accounts only for the firearms' status as stolen, which was not otherwise taken into account by section 2K2.1)).

Conversely, the Kenney court noted subsection (b)(5) addresses conduct surrounding the possession of firearms. Specifically, subsection (b)(5) deals with whether possession occurred in connection with another felony offense. We observed: "for purposes of applying the (b)(5) enhancement, Application Note 18 specifically excludes only three types of offenses when defining 'another felony offense': 'offenses other than explosives or firearms possession or trafficking offenses.'" Id. at 937 (citing U.S.S.G. § 2K2.1, cmt. n.18). We were "persuaded of the conceptual differences between the two subsections: while (b)(4) punishes for mere possession, (b)(5) punishes for the participation in another felony offense." Id. at 938. Thus, the Sentencing Commission "communicated its intent to allow both the (b)(4) and (b)(5) enhancements to apply to the same conduct by declining to amend the Guidelines or the Application Notes to specifically prohibit such application." Id. "[T]he Commission intended both subsections (b)(4) and (b)(5) to be applied to firearms possession offenses involving an additional felony offense other than possession of explosives, possession of firearms, or trafficking." Id. In conclusion, we held the "district court did not impermissibly double count in applying both the (b)(4) and (b)(5) sentence enhancements." Id. at 939. For a recent case following Kenney, see United States v. English, 329 F.3d 615, 619 (8th Cir. 2003).

We acknowledge a split among the circuits regarding whether the (b)(5) enhancement applies in similar cases. Three circuits have held the (b)(5) enhancement only applies to cases involving either (1) a separation of time between

-4-

the offense of conviction and the other felony offense, or (2) a distinction in conduct between the offense of conviction and the other felony offense used to calculate the base offense level.  See United States v. Fenton, 309 F.3d 825, 827 (3d Cir. 2002); United States v. Szakacs, 212 F.3d 344, 348-52 (7th Cir. 2000); United States v. Sanders, 162 F.3d 396, 399-401 (6th Cir. 1998).  The Fourth Circuit has refused to apply the (b)(5) enhancement, noting application of the enhancement would require (1) the federal firearm offense and "another felony offense" be regarded as separate crimes under Blockburger v. United States, 284 U.S. 299 (1932), and (2) the firearm be used or possessed "in connection with" another offense to the extent the firearm "facilitates or has a tendency to facilitate the [other] offense."  United States v. Blount, 337 F.3d 404, 408-11 (4th Cir. 2003) (citation omitted).  Two other circuits, including our own, have approved imposition of both enhancements in cases involving a firearm possession crime and "another felony offense" through which the weapon was obtained.  See Kenney, 283 F.3d at 937-39; United States v. Luna, 165 F.3d 316, 322-24 (5th Cir. 1999).  Given our prior decisions in Kenney and English, we need not wade in on this circuit split.  See United States v. Perkins, 94 F.3d 429, 437 (8th Cir. 1996) (noting "one panel of the court cannot reverse another panel.").

The district court in this case applied the four-level enhancement because Hedger possessed the firearm in connection with[2] another felony offense, the stealing of the firearm from the gun shop.  As in Kenney and English, Hedger's firearm possession offense under 18 U.S.C. § 922(g)(1) is a different type of crime from the theft offense.  See Kenney, 283 F.3d at 938 n.3; English, 329 F.3d at 616. The theft of the firearm, like the burglary involved in Kenney, is not specifically excluded from

---

[2]"'In connection with' means 'that the firearm must have some purpose or effect with respect to,' and 'must facilitate, or have the potential of facilitating,' another felony offense; 'its presence or involvement cannot be the result of accident or coincidence.'" United States v. Fredrickson, 195 F.3d 438, 439-40 (8th Cir. 1999) (per curiam) (quoting  United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997)).

consideration under subsection (b)(5) and constitutes "another felony offense," in addition to the firearm possession offense.[3]  U.S.S.G. § 2K2.1, cmt. n.18.

## III.    CONCLUSION

Based on our <u>Kenney</u> and <u>English</u> decisions, the district court's application of the (b)(4) and (b)(5) enhancements did not amount to impermissible double counting. Accordingly, we affirm Hedger's sentence.

_____

[3]"Felony offense," as the term is used in subsection (b)(5), means "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."  U.S.S.G. § 2K2.1, cmt. n.7.  Under Missouri law, stealing a firearm is a class C felony punishable by up to seven years in prison.  <u>See</u> Mo. Rev. Stat. §§ 570.030.3(3)(d); 558.011.1(3); <u>Revelle v. Missouri</u>, 752 S.W.2d 74, 75 (Mo. Ct. App. 1988).