

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2006

# USA v. Hertzog

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hertzog" (2006). *2006 Decisions.* Paper 730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2932

UNITED STATES OF AMERICA

v.

RONALD W. HERTZOG,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 02-cr-00153)
District Court: Hon. James F. McClure, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2006

Before: McKEE and VAN ANTWERPEN, Circuit Judges,
and POLLAK[*], Senior District Judge.

(Filed: July 19, 2006)
_____

OPINION
_____

McKEE, Circuit Judge.

Ronald Hertzog appeals from the judgment of sentence that was imposed

following his guilty plea to charges arising from his illegal possession of firearms. For

the reasons the follow, we will affirm.

_____

[*]The Honorable Louis H. Pollak, Senior District Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

## I.

Because we write primarily for the parties, it is not necessary to recite the facts of this case. We previously remanded this matter so that the district court could reconsider its sentence in the light of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court again sentenced Hertzog to seventy months of incarceration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that each of the claims of error Hertzog raises are meritless.

### A. Reasonableness of the Sentence in Light of 18 U.S.C. § 3553(a) Factors.

In determining whether the district court imposed an unreasonable sentence, we must be satisfied that the court exercised its discretion by appropriately considering the sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324 (3d. Cir. 2006). Thus, courts must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [that] subsection." 18 U.S.C. § 3553(a) (2000). We do not presume that the district court properly considered these factors merely because a sentence falls within the applicable guidelines range. *Cooper*, 437 F.3d at 330. Although a sentence within the applicable range is more likely to be reasonable than one outside of it, a sentence within the suggested range is not reasonable *per se;* the fact that a sentence falls within that range is one factor that must be considered in reviewing a sentence for reasonableness. *Id.* at 330-31. Moreover, the defendant bears the burden of establishing that the sentence was unreasonable. *Id.* at 332.

On remand, the district court considered the mandates of *Booker* and reexamined

2

the original sentence. App. 382-83. The court concluded that that sentence was consistent with the sentencing factors set forth in § 3553(a). Given our deferential review of that determination, *see Cooper*, 437 F.3d at 330, we find no merit to Hertzog's claim that the sentence that was reimposed was unreasonable.

**B. Information After the First Sentence.**

18 U.S.C. § 3661 provides, "No limitation shall be placed on information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." Pursuant to U.S.S.G. § 5K2.19, post-sentencing rehabilitation does not furnish a basis for a downward departure. U.S.S.G. § 5K2.19. Before the current version of § 5K2.19 was enacted, we concluded that a defendant's rehabilitative effort while incarcerated had to be extraordinary to warrant a downward departure. *United States v. Yeaman*, 248 F.3d 223, 228-29 (3d Cir. 2001).

Following remand, the district court acknowledged that Hertzog had participated in educational, religious, and substance abuse programs. The court considered those laudable efforts in light of *Booker*, but refused to grant a downward departure. The court explained that such a downward departure in cases remanded following *Booker* would unfairly disadvantage defendants who were ineligible for re-sentencing and therefore had no opportunity to bring their rehabilitative efforts before the sentencing court. In refusing to grant a departure for those efforts, the court recognized its discretion to do so, but concluded that it would not be appropriate to exercise its discretion in that manner given

3

the circumstances here. We find no error in the resulting sentence.

## C. Increase in Hertzog's Criminal History Category.

U.S.S.G. § 4A1.3(a) advises that an upward departure may be warranted when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."[**]  U.S.S.G. § 4A1.3.  In considering a district court's decision to increase a defendant's criminal history category, we afford deferential review to the sentence imposed.  *United States v. Kikumura*, 918 F.2d 1084, 1098 (3d Cir. 1990).

Initially, Hertzog's criminal history category was I because he had no prior convictions.  Pursuant to U.S.S.G. § 4A1.3, the district court determined that category did not adequately reflect the likelihood that Hertzog would commit other crimes based upon statements Hertzog made to undercover officers prior to his arrest and internet postings, the district court determined that category I substantially under-represented the likelihood that Hertzog would commit other crimes. Accordingly, the court exercised its discretion to and increased the criminal category.  Given our deferential review of the court's sentence, and the record's support for the enhancement, we conclude that the resulting sentence was reasonable.

## D. Enhancement for Special Skill.

---

[**]Even under the mandatory sentencing guideline regime, this departure was within the sentencing court's discretion, as evidenced by the language "may be warranted."

U.S.S.G. § 3B1.3 suggests an upward departure when a defendant's special skill is a significant factor in facilitating a crime. The accompanying commentary defines "special skill" as "skill not possessed by members of the general public and usually requiring substantial education, training or licensing."

Here, the district court determined that Hertzog's skill in converting multiple types of legal, semi-automatic weapons into illegal automatic weapons qualified as a special skill justifying a more severe sentence. Herzog also used raw materials to create prohibited silencers and explosive devices. It is clear that the special skill qualifying for an enhancement under U.S.S.G. § 3B1.3 does not require formal education or training. *United States v. Urban*, 140 F.3d 229, 236 (3d Cir. 1998) ("[A] § 3B1.3 sentence enhancement is not limited to persons who have received substantial formal education, training from experts, or who have been licensed to perform a special skill.") Accordingly, we believe the district court was justified in enhancing Hertzog's sentence pursuant to U.S.S.G. § 3B1.3 based upon the skill he employed in committing the instant offense.

### E. Attempted Obstruction of Justice.

U.S.S.G. § 3C1.1 suggests a two-level enhancement if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction" and such conduct was related to defendant's offense of conviction or a closely related offense. U.S.S.G. § 3C1.1. "Willful" implies a specific intent to obstruct

justice. *United States v. Hernandez*, 83 F.3d 582, 585 (2d Cir. 1996). In determining whether the defendant acted willfully, the district court is entitled to rely on circumstantial evidence and to draw all reasonable inferences from the facts. *United States v. Cassiliano*, 137 F.3d 742, 746 (2d Cir. 1998).

Here, law enforcement officers took pains to conceal their identity even during Hertzog's arrest. Following his arrest, Hertzog told his daughter to post an email to members of the Pennsylvania Militia to inform them of his arrest and advise them that some members of his group were actually undercover officers. The email that was sent warned members not to trust the named officers, and announced that the media reports about Hertzog's arrest for a traffic violation were false. Herzog's post-arrest conduct significantly hampered the officers' ability to continue the investigation into illegal purchases of weapons that had involved Hertzog. Although Hertzog denies any intent to interfere with the investigation, the record supports the district court's conclusion to the contrary, and we conclude that the court did not err in enhancing Hertzog's sentence for this conduct.

**F. Possession of  Machine Guns, Armor-Piercing Ammunition, and Black Powder.**

Hertzog claims that his sentence was the result of "double counting" because the district court applied a provision of the guidelines to increase his sentence for a harm already considered under another provision that was also applied. *See United States v. Kenney*, 283 F.3d 934, 936 (8th Cir. 2002). 18 U.S.C. § 3553(a) directs the district court to consider a number of factors when imposing a sentence. "[T]he nature and

circumstances of the offense;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" and "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the defendant as set forth in the guidelines. . . " seem particularly relevant to this aspect of the district court's inquiry. 18 U.S.C. § 3553(a).

Possession of multiple firearms, armor-piercing ammunition, and items that present a substantial risk to others are all distinct factors that counsel a sentence enhancement. *See* U.S.S.G. § 2K2.1 (suggesting an upward departure for possession of multiple firearms and commentary suggesting upward departure for large amounts of armor piercing ammunition); U.S.S.G. § 5K2.14 (suggesting an upward departure when "national security, public health, or safety [are] significantly endangered). Moreover, we have allowed upward departure based upon the *types* of firearms involved, as distinct from the number. *United States v. Alers*, 852 F. Supp. 310, 313-14 (D.N.J. 1994), *aff'd*, 40 F.3d 1241 (3d Cir. 1994).

The district court increased Hertzog's sentence for possessing multiple machine guns, armor-piercing ammunition, and other items which posed substantial risk of safety to others. These are distinct offenses and the court's sentence recognized that by imposing sentencing enhancements in accordance with § 3553(a) factors. Under *Alers*, the district court could also consider the types of weapons Hertzog possessed, here machine guns. Specifically, the district court based its departure for substantial risk to

7

others upon the fact that Hertzog permitted a five-year-old to be present while his parents fired a Sten gun. He also possessed a loaded gun on his person and another in his minivan, and maintained ten pounds of black powder in his trailer that could have been ignited by his frequent smoking. Accordingly, these enhancements were reasonable in light of the § 3553(a) factors.

## III.

For all of the above reasons, we will affirm the district court's judgment of sentence and conviction.

_____