# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1419

_____

United States of America

*Plaintiff - Appellee*

v.

Oscar Canamore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2019
Filed: February 26, 2019
[Published]

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Oscar Canamore pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Canamore to 84

_____

[1]The Honorable D. P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

months' imprisonment. On appeal, he argues the district court incorrectly calculated the advisory guideline range by applying a two-level increase under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2K2.1(b)(4)(A) for possessing a stolen firearm and U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. We affirm.

## I.    Background

On October 6, 2016, an arrest warrant was issued for Canamore by the Little Rock District Court in Little Rock, Arkansas, for theft by receiving a stolen firearm. The warrant came about because of a stolen pistol that had been pawned at Pawnderosa Pawn Shop in Little Rock, Arkansas, on September 17, 2016, with Canamore's name listed on the pawn ticket. The pawned pistol was a Smith & Wesson air weight .38 caliber revolver.

When the United States Marshals Service arrested Canamore at his mother's apartment, they conducted a search of Canamore's bedroom. A deputy found an Armi-Galesi .22 caliber semiautomatic pistol, model Brevetto, inside the pocket of a pair of pants; six rounds of .22 caliber ammunition inside the pistol; 11 rounds of Hornady .357 caliber ammunition; nine rounds of Hornady .45 caliber ammunition; 4.3 grams of marijuana; and one drug scale. After advising Canamore of his Miranda rights, Canamore voluntarily spoke to law enforcement. Canamore admitted he owned the ammunition and marijuana found in his bedroom. He initially disclaimed knowledge of the pistol or pants where the pistol was found. Later in the interview, Canamore admitted he owned the pants where the pistol was found. He explained that a female acquaintance placed the pistol in his pants pocket for safekeeping because she no longer needed it to protect herself since the person she had been in an abusive relationship with was in jail.

-2-

Canamore admitted to two prior felony convictions from Pulaski County Circuit Court that prohibited him from possessing a firearm or ammunition. The prior offenses included: (1) a conviction in 2013 for possession of a controlled substance with the purpose to deliver, possession of drug paraphernalia, fleeing, and leaving scene of accident with injury or death; and (2) a conviction in 2015 for simultaneous possession of drugs and firearms, possession of a controlled substance with the purpose to deliver, possession of firearms by certain persons, and possession of drug paraphernalia.

At sentencing, the district court determined the applicable base offense level pursuant to the Guidelines was 24. Over Canamore's objection, the court, after considering all relevant conduct, applied a two-level increase under U.S.S.G. § 2K2.1(b)(4)(A) because a stolen firearm was involved and an additional four-level increase under § 2K2.1(b)(6)(B) because the stolen firearm was possessed in connection with another felony offense–theft by receiving under Arkansas law. After reducing the offense level by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility and timely notice of intent to plead guilty, the court determined Canamore's total offense level was 27. Canamore was in criminal history category IV, yielding an advisory Guidelines range of 100 to 120 months.[2]

The court found the advisory Guidelines range was "a little too harsh" in Canamore's case. The court noted that imposing both Guidelines enhancements, while correct, was not "fair" and ought to be a consideration for a variance. The court balanced Canamore's criminal history against the particular circumstances of this offense. It noted that neither of the guns at issue were brandished, discharged, or displayed. The extra ammunition found was "odd" because it did not fit either of the pistols or any other firearm found. The court explained that since the Guidelines

---

[2]The Guideline range was 100 to 125 months, but the offense carried a statutory maximum imprisonment term of 120 months.

swept so broadly in defining relevant conduct, there must be some room for a court to evaluate "what actually happened and adjust the sentence accordingly."  After weighing these factors, the court granted Canamore's motion for a variance and sentenced him to a term of 84 months' imprisonment.  Canamore timely appealed.

## II.    Discussion

Canamore argues the district court committed procedural error in calculating the advisory Guidelines range by "double counting" when it applied enhancements under both § 2K2.1(b)(4)(A) and § 2K2.1(b)(6)(B).  We have explained: "'[d]ouble counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines,' but double counting is permissible if the Sentencing Commission so intended and each guideline section furthers an independent purpose of sentencing."  United States v. Chapman, 614 F.3d 810, 812 (8th Cir. 2010) (quoting and citing United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)).  "We review the district court's application of the guidelines and the double-counting question *de novo*."  Id.

Section 2K2.1(b)(6)(B) directs the court to increase a defendant's offense level by four if he "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The commentary defines "another felony offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  Id. at comment. (n.14(C)).  Theft by receiving stolen property was a felony under Arkansas law because the stolen property was a firearm. Ark. Code Ann. § 5-36-106 (West 2013).  The district court properly applied the enhancement.

The district court also applied a two-level enhancement set forth in § 2K2.1(b)(4)(A) for possession of a stolen firearm. Canamore argues that double counting occurred when this enhancement was applied in addition to the enhancement under § 2K2.1(b)(6)(B). His argument is foreclosed by this Court's precedent. United States v. Kenney, 283 F.3d 934, 937 (8th Cir. 2002) (finding no impermissible double counting when applying enhancements under both § 2K2.1(b)(4)(A) and § 2K2.1(b)(5)[3] because the subsections are conceptually separate). See United States v. Hedger, 354 F.3d 792, 795 (8th Cir. 2004) (relying, in part, on the decision in Kenney, 283 F.3d 934, and affirming district court's decision to apply both Guidelines enhancements for possession of a stolen firearm and possession of a firearm in connection with "another felony offense"). We conclude the district court committed no procedural error when calculating Canamore's advisory Guidelines range.

When a district court varies downward and sentences below a presumptively reasonable Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Carr, 895 F.3d 1083, 1091(8th Cir. 2018) (quoting United States v. Zauner, 688 F.3d 426, 429 (8th Cir. 2012)). Nothing in the record suggests the district court abused its discretion by imposing an 84-month imprisonment term.

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

[3]U.S.S.G. § 2K2.1(b)(6)(B) was formerly § 2K2.1(b)(5). The subsection was renumbered in the 2006 version of the Guidelines.