# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1535

———————————————

United States of America

*Plaintiff - Appellee*

v.

Logan Matthew Toomer

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: January 11, 2021
Filed: February 22, 2021
[Unpublished]

——————————

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Logan Matthew Toomer and two others burglarized a residence in Springville, Iowa, and stole numerous items, including roughly $50,000 in cash and multiple firearms. While in possession of the stolen firearms, Toomer unlawfully used methamphetamine. He pled guilty to possession of firearms by a drug user. *See* 18

U.S.C. §§ 922(g)(3), 924(a)(2).  The district court[1] imposed a sentence of 53 months of imprisonment.

Toomer appeals, contending the district court improperly calculated his United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") range by double counting the same conduct when applying two separate enhancements.  "We review the district court's application of the . . . [G]uidelines, including the permissibility of double counting, *de novo*." *United States v. Kenney*, 283 F.3d 934, 936 (8th Cir. 2002).

Here, the district court applied a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) and a four-level enhancement under U.S.S.G. §2K2.1(b)(6)(B). The former applies when a defendant's conduct involves a stolen firearm.  The latter applies when a defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]"  According to Toomer, in this case, the enhancements overlap because the other felony offense for purposes of § 2K2.1(b)(6)(B) was a state-law claim of burglary with theft as a necessary factual predicate.   Having accounted for the theft under § 2K2.1(b)(6)(B), Toomer maintains it was improper to also enhance his sentence for theft of a firearm under § 2K2.1(b)(4)(A).

This is not the first time this issue has come before this court, and our precedent forecloses Toomer's argument. *See United States v. Canamore*, 916 F.3d 718, 721 (8th Cir. 2019) (rejecting an argument that application of both enhancements constituted impermissible double counting because the issue was decided in *Kenney*, 283 F.3d at 937, and *United States v. Hedger*, 354 F.3d 792, 795 (8th Cir. 2004)).  Similar to this case, *Kenney* involved a felon-in-possession charge related to a home burglary and theft of guns.  283 F.3d at 935.  In rejecting a

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

challenge to the propriety of applying both enhancements,[2] we explained that "[d]ouble counting may be permissible . . . in situations where (1) the Sentencing Commission intended the result and (2) 'each statutory section concerns conceptually separate notions relating to sentencing.'" *Id.* at 937 (quoting *United States v. Rohwedder*, 243 F.3d 423, 426–27 (8th Cir. 2001)). We determined the Commission intended both enhancements "be applied to firearms possession offenses involving an additional felony offense" such as burglary. *Id.* at 938. Further, we reasoned the two enhancements were "conceptually separate," explaining § 2K2.1(b)(4) "punishes for mere possession," while § 2K2.1(b)(6) "punishes for the participation in another felony offense." *Id*. Having satisfied both prongs of the test, we held that application of both enhancements was not impermissible double counting. *Id.* at 939.

Because Toomer fails to meaningfully distinguish *Kenney* and its progeny, we must reject his argument on appeal. *See Hedger*, 354 F.3d at 795 ("[O]ne panel of the court cannot reverse another panel.") (quoting *United States v. Perkins*, 94 F.3d 429, 437 (8th Cir. 1996)). Accordingly, we affirm Toomer's sentence.

_____

---

[2]Until 2006, the Guidelines placed § 2K2.1(b)(6)(B)'s enhancement at § 2K2.1(b)(5). *See Canamore*, 916 F.3d at 721 n.3.