# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2340
_____

United States of America

*Plaintiff - Appellee*

v.

Sergio Daniel Abu Youm

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 12, 2024
Filed: June 26, 2024
[Unpublished]
_____

Before SMITH, Chief Judge,[1] BENTON and STRAS, Circuit Judges.
_____

PER CURIAM.

In 2022, Sergio Daniel Abu Youm was charged with eight federal drug and firearm crimes, arising from his participation in a fentanyl trafficking conspiracy. Pursuant to a plea agreement, he pleaded guilty to one drug conspiracy count and one firearm possession count. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), 846

_____

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

(drug conspiracy); 18 U.S.C. § 924(c)(1)(A)(i) (firearm possession). Abu Youm was not a low-level dealer. During their investigation, federal and state authorities seized more than 3,300 fentanyl-laced counterfeit pills and more than $265,000 in cash, as well as firearms, ammunition, and other items related to drug trafficking.

Under the federal statutes, Abu Youm's maximum possible sentence was life imprisonment. Under the Sentencing Guidelines, his advisory range was 121 to 151 months for his drug conspiracy offense, followed by a consecutive sentence of at least 60 months for his possession of a firearm in relation to his drug conspiracy offense. In other words, the lowest advisory sentence was 181 months.

In his sentencing brief, Abu Youm requested a downward variance to the statutory minimum sentence of 120 months. As a mitigating factor, he pointed to his "unspeakably traumatic" childhood. R. Doc. 84, at 2. Specifically, Abu Youm described his upbringing in war-torn Sudan, where he and his family experienced political and ethnic persecution. After Abu Youm's father suffered a gunshot wound, the family escaped to Egypt. According to Abu Youm, he had to work in a shoe store, as a nine-year-old child, for about 30 hours per week. About two years later, the family moved to the United States, which granted them asylum.

The district court[2] considered Abu Youm's childhood trauma and his subsequent and continuing struggles with depression, anxiety, and substance abuse. The court, therefore, granted his request for a downward variance. It imposed a below-Guidelines sentence of 96 months for the drug conspiracy offense, followed by 60 months for the firearm possession offense, resulting in a total sentence of 156 months' imprisonment. While imposing the sentence, the court commented: "This is a large variance for a serious crime, and I recognize that. That does not in any way diminish this [c]ourt's assessment of the seriousness of the offense. Fentanyl is incredibly dangerous. The amount involved here is overwhelming." R. Doc. 97, at 27.

---

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

On appeal, Abu Youm challenges his sentence's substantive reasonableness. He argues that the district court's substantial downward variance should have been more substantial. "With regard to substantive reasonableness . . . appellate review in sentencing cases is narrow and deferential." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation marks omitted). Reviewing for abuse of discretion, we will vacate and remand for resentencing only if the district court "(1) fail[ed] to consider a relevant factor that should have received significant weight; (2) g[ave] significant weight to an improper or irrelevant factor; or (3) consider[ed] only the appropriate factors but in weighing those factors commit[ted] a clear error of judgment." *United States v. May*, 70 F.4th 1064, 1072–73 (8th Cir. 2023) (internal quotation marks omitted). "When a district court varies downward and sentences below a presumptively reasonable Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Canamore*, 916 F.3d 718, 721 (8th Cir. 2019) (per curiam) (internal quotation marks omitted).

After careful review of the record, we conclude that Abu Youm has not shown that the district court failed to consider any relevant factors, gave significant weight to any improper or irrelevant factors, or committed a clear error of judgment in weighing the appropriate factors. The court properly accounted for the seriousness of Abu Youm's criminal conduct, his childhood trauma, his present struggles with mental illness and substance abuse, and other relevant circumstances. It imposed a sentence of 156 months, more than two years below the advisory range. This sentence is not substantively unreasonable. Accordingly, we affirm.

_____