UNITED STATES of America,

v.

Freddie FENTON, a/k/a Fred Fox; a/k/a Fred Barrett,

Freddie Fenton, Appellant.

No. 01–3587.

United States Court of Appeals, Third Circuit.

Argued Sept. 10, 2002.

Filed Nov. 8, 2002.

Glennis L. Clark, (Argued), Allentown, for Appellant.

Robert A. Zauzmer, (Argued), Robert K. Reed, Howard L. Perzan, Office of the United States Attorney, Philadelphia, for Appellee.

Before NYGAARD, ROTH, and WEIS, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

█ Appellant Freddie Fenton pleaded guilty to five counts of a criminal information charging (1) conspiracy to commit crimes against the United States; (2) conspiracy to possess with intent to distribute controlled substances; (3) pharmacy burglary; (4) bank burglary; and (5) possession of a firearm by a convicted felon. The District Court sentenced Fenton to a term of imprisonment of 240 months. Fenton raises two allegations of error: (1) that the District Court erred by denying his motion to withdraw his guilty plea.[1] and (2) that the District Court erred by imposing a four-level enhancement for being a felon in possession of a firearm, pursuant to U.S.S.G. § 2k2.1(b)(5). Courts of Appeals are split on the question of whether a single act that violates both a state law and a federal law, may be both the offense of conviction and "another felony offense" within the purview of U.S.S.G. § 2K2.1(b)(5). We hold that a state law crime, identical and coterminous with the federal crime, cannot be considered as "another felony offense" within the meaning of the Sentencing Guidelines. We will vacate appellant's sentence and remand for re-sentencing.

In the first six months of 1997, Fenton committed three separate offenses, and was charged with several crimes. First, he broke into a pharmacy with an accomplice and stole cash and drugs that were later sold. This burglary was the subject of counts two and three of the information. Next, Fenton broke into another pharmacy with two different accomplices and tried to break into an automated teller machine. Fenton got no money from the ATM, but he did cause approximately $17,000 in damage to the machine. This offense was addressed in counts one and four of the information. Finally, the three accomplices broke into a sporting goods store—a federally licensed firearms dealer—and stole a number of handguns.

A few hours after the sporting goods store job, one of the accomplices returned to the store with Fenton and stole rifles and shotguns, which they later sold. Fenton had a number of felony convictions and was therefore prohibited from possessing any firearm. This offense was addressed in counts one and five of the information.

Fenton pleaded guilty to the theft of firearms from the sporting goods store, which theft made him a felon in possession of a firearm, in contravention of 18 U.S.C. 922(g). The District Court imposed a two-level upward adjustment pursuant to § 2K2.1(b)(4) because the firearms involved in the offense were stolen. The District Court then enhanced Fenton's sentence four more levels pursuant to U.S.S.G. § 2K2.1(b)(5). This provision states: "If the defendant used or pos-

---

**1.** Fenton argues that the District Court should have permitted him to withdraw his plea of guilty because (1) he is innocent as one of his alleged co-defendants did not receive or purchase any pills and therefore the government could not prove that the drugs were taken for the purposes of distribution; (2) his guideline sentences are substantially greater than those of co-defendants with greater culpability; and

(3) his counsel misled him regarding the potential guideline sentence range. His arguments are meritless. We have reviewed the record and find that each of his allegations of error are refuted. We see no abuse in the District Court's considerable discretion in denying Fenton's request to withdraw his guilty plea, and affirm as to this issue.

sessed any firearms or ammunition in connection with another felony offense ... increase by 4 levels." U.S.S.G. § 2K2.1(b)(5). The District Court considered the sporting goods store burglary to be "another felony offense." [2]

■ Fenton contends that because his only conduct was stealing firearms from the sporting goods store, the District Court's interpretation of "another felony offense" would punish him twice for the same underlying conduct. The first issue then is: when felonious conduct violates a state law and a federal weapons law, does the state law crime qualify as "another felony offense" for purposes of the enhancement under § 2K2.1(b)(5)? In other words, may the Court use the same conduct to support the base offense level for the substantive offense, and thereafter, as "another felony offense" to enhance the sentence? Although Courts of Appeals are divided on this issue, we now hold that "another felony offense" means a felony or act other than the one the sentencing court used to calculate the base offense level.

In reaching our conclusion that "another felony offense" cannot apply to the same felonious conduct for which the criminal defendant is being sentenced, we elect to join the Seventh and Sixth Circuit Courts of Appeals. *United States v. Szakacs*, 212 F.3d 344, 348–52 (7th Cir.2000); *United States v. McDonald*, 165 F.3d 1032, 1037 (6th Cir.1999) (relying on *United States v. Sanders*, 162 F.3d 396, 399–401 (6th Cir. 1998)). We decline to follow decisions in the Fifth and Eighth Circuits. *See United States v. Luna*, 165 F.3d 316, 323 (5th Cir.1999) (upholding the application of both the (b)(4) and (b)(5) enhancements when a convicted felon was prosecuted in federal court for possession of firearms

which were obtained through a burglary); *United States v. Kenney*, 283 F.3d 934, 938 (8th Cir.2002) (holding that the Commission intended to allow both the (b)(4) and (b)(5) enhancements to apply to the same conduct).

To evaluate the phrase "another felony offense," we must look to the language and structure of § 2K2.1, as well as an application note to the Guidelines, U.S.S.G. § 2K2.1, cmt. n. 18. First, a plain reading of the Guideline clearly suggests that there must be a second crime committed by the defendant before imposing the enhancement. The Guideline does not allow enhancement for "any" felony offense; it specifically requires "another" offense.

Also, the application note to the Guideline is helpful. Application note 18 states:

As used in subsections (b)(5) and (c)(1), "another felony offense" ... refers to offenses other than ... firearms possession or trafficking offenses. However, where the defendant used or possessed a firearm or explosive to facilitate another firearms or explosives offense (e.g., the defendant used or possessed a firearm to protect the delivery of an unlawful shipment of explosives), and upward departure under § 5K2.6 (Weapons and Dangerous Instrumentalities) may be warranted.

U.S.S.G. § 2K2.1, cmt. n. 18.

■ This commentary refers to offenses other than the firearms possession offense. In this case, there was no other offense: there was no allegation that Fenton possessed any firearms when he entered the sporting goods store, nor was there any allegation that Fenton used the stolen firearms to commit any crimes after the theft.

2. We review the District Court's interpretation of the phrase "another felony offense" *de novo*. *E.g., United States v. Butch*, 256 F.3d 171 (3d Cir.2001) (holding that we review *de novo* district court's interpretation and application of Sentencing Guidelines, but review for clear error district court's findings of fact supporting application of Guidelines).

Fenton's conduct was essentially stealing objects from the sporting goods store, and those objects included both firearms and non-firearms.

■ In addition, we are troubled by the fact that almost every federal weapons offense could be prosecuted simultaneously under state law. Therefore, deciding this issue as the Courts of Appeals for the Fifth and Eighth Circuits have would require enhancement for almost every weapons offense. Interpreting the Guideline "to allow a state law offense based on the exact same offense conduct to count as 'another felony offense' renders 'the word "another" ... superfluous, and of no significance to the application of that provision.'" *Szakacs,* 212 F.3d at 350 (quoting *Sanders,* 162 F.3d at 400). We agree with the Courts of Appeals for the Sixth and Seventh Circuits that "since almost all federal crimes can also be characterized as state crimes, the government's reading of 'another felony offense' would permit the 'automatic application of this significant 4 level Guideline enhancement.'" *Id.* It is only intuitive, then, that the phrase "another felony offense" requires a distinction in time or conduct from the offense of conviction.[3]

We therefore conclude that the District Court erred by applying § 2K2.1(b)(5) to enhance Fenton's offense level by four levels. We will vacate Fenton's sentence and remand the case to the District Court for it to recalculate a sentence not inconsistent with this opinion.

ROTH, Circuit Judge, dissenting.

I respectfully disagree with the majority that the district court "double counted" when it applied a four level sentencing enhancement pursuant to Section 2K2.1(b)(5) of the United States Sentencing Guidelines ("USSG") in calculating the offense level for defendant's conviction for possession of firearms by a convicted felon because the firearms were used in connection with another felony, namely burglary. "Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Kenney,* 283 F.3d 934, 936 (8th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 270, —— L.Ed.2d ——, 2002 WL 1399045 (Oct. 7, 2002). In this case, neither defendant's conviction for being a felon in possession of firearms, nor his enhancement pursuant to Section 2K2.1(b)(4) for possessing stolen firearms, fully accounts for the harm posed by his possession of firearms during a burglary.

Section 2K2.1(b)(5) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by 4 levels." Application Note 18 to Guideline 2K2.1 defines "another felony offense" as "offenses other than ... firearms possession or trafficking offenses." In this case, the burglary of Beck's Sporting Goods Store is an offense other than the felon in possession offense. Burglary is a crime of violence directed against property, *see United States v. Parson,* 955 F.2d 858, 861 n. 1, 865 (3d Cir.1992), while what the felon in possession of firearms statute seeks to combat is the risk that a felon who possesses firearms is more likely than the

---

**3.** Although we do not think that the phrase "another felony offense" is open to two readings, we note that where, as here, the Guidelines do not clearly call for enhancement, the rule of lenity should prevent the application of a significantly increased sentence. *McNally* *v. U.S.,* 483 U.S. 350, 359–60, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987) ("when there are two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language").

average person who possesses firearms to use the firearms for criminal purposes because, "by past deeds that felon has shown the willingness to engage in criminal activity...." *Impounded (Juvenile R.G.),* 117 F.3d 730, 738 n. 13 (3d Cir.1997). Further, even though defendant did not possess the firearms when he entered the sporting goods store, obtaining the firearms in the store was sufficient to satisfy the "in connection with" prong. The "subsequent possession of firearms satisfies the nexus requirement for possession ... because those firearms were possessed and could have been used to facilitate the [burglary]." *United States v. Armstead,* 114 F.3d 504, 512 (5th Cir.), *cert. denied,* 522 U.S. 922, 118 S.Ct. 315 (1997).

The majority, relying on *United States v. Sanders,* 162 F.3d 396 (6th Cir.1998), holds that the district court erroneously double counted when it enhanced defendant's sentence pursuant to Section 2K2.1(b)(5). *See id.* (holding that a district court improperly double counted when it applied an enhancement under Section 2K2.1(b)(5) for the other felony of burglary to a felon in possession conviction and a knowingly transporting stolen firearms conviction, where a convicted felon defendant stole firearms from a pawn shop). However, *Sanders* incorrectly determined that the burglary of the firearms was "a factor that had already been taken into account in [defendant's] Sentencing Guideline calculations: § 2K2.1(a)(6) prohibited person, § 2K2.1(b)(1)(F), 50 or more firearms, and § 2K2.1(b)(4) stolen firearms." 162 F.3d at 400.

The conviction for being a felon in possession of firearms accounts for the risk that a felon who possesses firearms is more likely to use those firearms in criminal activity and applies to any felon who possesses a firearm, even if he is not using the firearms for any illegal purpose. However, this does not fully account for the additional risk addressed by Section 2K2.1(b)(5), that law enforcement officers or an innocent bystander will be shot when anyone, whether or not he is a felon, possesses a firearm during the commission of a felony. *See United States v. Luna,* 165 F.3d 316, 323 (5th Cir.), *cert. denied* 526 U.S. 1126, 119 S.Ct. 1783, 143 L.Ed.2d 811 (1999). In other words, in this case, the risk that defendant would use the firearms was increased by the fact that he was a convicted felon *and* by the fact that he possessed those firearms during a burglary. The felon in possession statute addresses the first risk and the enhancement under Section 2K2.1(b)(5) addresses the second.

The difference in the harm that arises when a felon possesses firearms and the harm that arises when a person possesses firearms in connection with another felony can be seen from the fact that, had defendant, as a felon, possessed the firearms before he broke into Beck's Sporting Goods Store, Section 2K2.1(b)(5) would apply. *See, e.g., United States v. Rutledge,* 28 F.3d 998 (9th Cir.1994), *cert. denied,* 513 U.S. 1177, 115 S.Ct. 1161, 130 L.Ed.2d 1117 (1995) (holding that there was no double counting where a district court applies Section 2K2.1(b)(5) to enhance a conviction for being a felon in possession where the defendant used a firearm to rob a shop). Defendant does not dispute that the enhancement under § 2K2.1(b)(5) would be appropriate in *Rutledge,* but rather, relying on *Sanders,* argues that *Rutledge* is distinguishable because the other felony in that case involved "a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." *Sanders,* 162 F.3d at 400. However, the threat to law enforcement officials and the general public is no less merely because defendant ob-

tained the firearms while inside the store, as opposed to bringing the firearms with him into the store. In either case, he possessed deadly weapons, and his possession of firearms as a convicted felon was distinct conduct from his burglary of the store.

Likewise, the two level enhancement defendant received under Section 2K2.1(b)(4), which provides "[i]f any firearm was stolen ... increase by 2 levels," does not address the harm to law enforcement and the general public posed by a person possessing firearms while committing another felony because:

> [s]ubsection (b)(4) increases a base offense level ipso facto if the thing possessed by the defendant is a stolen firearm. For example, if [defendant] had received the stolen firearm in his home and subsequently been convicted for attempting to sell it, his sentence would have been enhanced under subsection (b)(4) because the firearm he sought to sell was stolen. But assuming that he committed no underlying felony, he would not have received an enhancement under subsection (b)(5). Subsection (b)(5) requires an increase in the base offense level when the firearm in question is somehow involved in another felony offense.

*Luna*, 165 F.3d at 323. "Subsection (b)(4) deals with the stolen nature of the firearms themselves, regardless of the possessor's knowledge of or participation in obtaining the stolen weapons. In contrast, subsection (b)(5) addresses the conduct surrounding the possession of the firearms, specifically concerning the use or possession of the firearms in connection with other prohibited conduct." *Kenney*, 283 F.3d at 938; *see also*, USSG § 2K2.1 Application Note 19. As the district court noted:

> If the Court accepts defense counsel's argument, then essentially what you have here is a burglary which goes unchallenged, or that there are no guidelines or anything which adequately takes into consideration that element of the crime, because essentially what we would be doing is just focusing on the fact that the defendant, [a] convicted felon, possessed stolen firearms. But the offense encompasses more than that. It is also a burglary.

Appendix 61a.

In sum, defendant's conviction for being a felon in possession of firearms, and the enhancement under Section 2K2.1(b)(4) for possessing stolen firearms, do not fully account for the harm posed by the fact that those stolen firearms were possessed in connection with the other felony of burglary. Accordingly, I respectfully dissent.