

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# USA v. Jacobs

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2711

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jacobs" (2006). *2006 Decisions.* Paper 1778.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1778

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2711
_____

UNITED STATES OF AMERICA

v.

ORLANDO JACOBS,

Appellant.

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 93-cr-00141-1)
District Judge: Honorable Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2005

BEFORE: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed : January 6, 2006 )

_____

OPINION
_____

PER CURIAM

Appellant Orlando Jacobs was convicted following a jury trial in United States

District Court for the Western District of Pennsylvania of possession of a weapon by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1). The indictment alleged that

Jacobs possessed a .357 magnum revolver, after having been previously convicted in the Court of Common Pleas of Allegheny County, Pennsylvania, for the crime of burglary. Applying the "Armed Career Criminal" provision of the Guidelines, U.S.S.G. § 4B1.4, the sentencing court concluded that Jacobs' guidelines' sentencing range was 262 to 327 months, and the court sentenced him to imprisonment for 22 years.

We affirmed in United States v. Jacobs, 44 F.3d 1219 (3d Cir. 1995), and Jacobs' petition for writ of certiorari was denied. A motion to vacate sentence under 28 U.S.C. § 2255 was denied by the sentencing court, and, in 1999, we denied Jacobs' request for a certificate of appealability with respect to that decision. We then denied an application made by Jacobs in 2001 for leave to file a second or successive section 2255 motion.[1]

In May 2004, Jacobs filed a motion in the district court for clarification and correction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that Amendment 599 to the Guidelines applied to him and would lower his applicable sentencing range. He also contended that a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for recklessly endangering the arresting officer was improperly assessed under United States v. Fenton, 309 F.3d 825 (3d Cir. 2002), a case we decided after the conclusion of Jacobs' section 2255 proceedings. In a somewhat related claim, he contended that the offense conduct of recklessly endangering the arresting officer was impermissibly double counted

---

[1] In that application, Jacobs had contended that his sentence was enhanced pursuant to the Armed Career Criminal Act even though the indictment did not charge him with, nor did the jury find him guilty of, violating 18 U.S.C. § 924(e)(1), which imposes a fifteen year minimum sentence for career criminals who violate section 922(g).

under both § 4B1.4(b)(3) and § 2K2.1(b)(5).

The District Court addressed Jacobs' claim concerning the applicability of Amendment 599 as one properly raised pursuant to 18 U.S.C. § 3582(c)(2), but the court would not consider the remaining claims, because they did not involve an amendment to the Guidelines. Relief was denied as to Amendment 599 because it did not apply to Jacobs. Jacobs filed a timely motion for reconsideration, which was denied in an order entered on May 12, 2005. Jacobs appeals.

We will affirm. Section 3582(c)(2) provides that, upon motion of a defendant, the court may reduce a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 599 went into effect on November 1, 2000 and expanded the commentary to U.S.S.G. § 2K2.4 on use of a firearm during or in relation to certain crimes. It was made retroactive pursuant to § 1B1.10. Amendment 599 was intended to clarify the circumstances in which a defendant sentenced for a violation of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other offenses. See U.S. Sentencing Guidelines Manual app. C, vol. II, at 69-70 (2003).

Jacobs was convicted of violating § 922(g)(1). He was not charged with violating 18 U.S.C. § 924(c), and his sentence was not based on guidelines germane to that statute. Amendment 599 does not apply to or modify the guidelines under which he was

3

sentenced. The District Court did not err in rejecting this claim.

We further agree with the District Court that the remaining claims cannot be brought under section 3582(c)(2), because they are not founded on a change in the Guidelines. In <u>Fenton</u>, 309 F.3d 826, we held that, for purposes of applying the four-level enhancement under § 2K2.1(b)(5), the phrase "another felony offense" means a felony or act other than the one used by the sentencing court to calculate the base offense level. <u>Id.</u> at 827. More recently, in <u>United States v. Lloyd</u>, 361 F.3d 197 (3d Cir. 2004), we explained that: "We read *Fenton* ... as standing for the proposition that, where a defendant is convicted for possession of firearms resulting from a theft of those same firearms, that theft is effectively a "firearms possession ... offense." <u>Id.</u> at 202.

Fenton thus concerned the interpretation of an existing Guideline. It did not involve a sentencing range that subsequently had been lowered "by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Jacobs' claim under <u>Fenton</u>, and his related double counting claim involving § 4B1.4(b)(3) and § 2K2.1(b)(5), are the kinds of contentions appropriately raised on direct appeal, or, if waived, in a section 2255 motion to vacate sentence upon a showing of cause and prejudice. <u>United States v. Frady</u>, 456 U.S. 152 (1982).

Second collateral challenges to a conviction and sentence, like this one of Jacobs' involving our decision in <u>Fenton</u>, are barred under the Antiterrorism and Effective Death Penalty Act, <u>see</u> 28 U.S.C. §§ 2255 and 2244, unless they are certified by a court of

4

appeals to contain a prima facie showing of newly discovered evidence that would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. These claims have not been appropriately certified nor would certification be warranted.

The Fenton and related double counting claims lack merit in any event. Jacobs was sentenced as an armed career criminal under U.S.S.G. § 4B1.4. Jacobs, 44 F.3d at 1227. The enhancement under § 2K2.1(b)(5) played no role in the actual determination of his sentence. In addition, Fenton does not affect the applicability of the armed career offender guideline in Jacobs' case. The government's evidence established that, as the arresting officer approached with his gun drawn, Jacobs pulled his weapon from his waistband and pointed it at him. Jacobs, 44 F.3d at 1221. His act of doing so establishes that he possessed the gun in connection with another felony offense; thus, an enhancement was warranted under either § 2K2.1(b)(5) or § 4B1.4(b)(3). The crime of recklessly endangering another in violation of 18 Pa. Cons. Stat. Ann. § 2705 involves a sufficient distinction in conduct from the crime of possession so as to constitute "another felony offense" for purposes of § 2K2.1(b)(5). See generally Lloyd, 361 F.3d at 204 (holding that state law crime of criminal mischief is distinct from crime of possession of unregistered explosives under *Blockburger*).[2]

---

[2] Like the state law crime at issue in Lloyd, this second degree misdemeanor with which Jacobs was charged is punishable by up to two years in prison, 18 Pa. Cons. Stat.

Finally, Jacobs has argued in his informal brief that his sentence enhancement for pointing a gun at the arresting officer violates the Sixth Amendment because it was based on facts determined by a judge instead of a jury, but we recently held that <u>Booker v. United States</u>, 125 S. Ct. 738 (2005), does not apply retroactively to cases on collateral review. <u>Lloyd v. United States</u>, 407 F.3d 608, 614-16 (3d Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 288 (U.S. October 3, 2005).

We will affirm the order of the District Court denying the motion for clarification and correction of sentence.

---

Ann. § 1104(2), and it thus is sufficient to constitute a felony under the Guidelines. <u>Lloyd</u>, 361 F.3d at 204 (citing <u>U.S.S.G.</u> § 2K2.1, cmt. n.7).