**UNITED STATES of America,
Respondent,**

v.

**Leroy Ricardo SMALLS, Petitioner.**

**No. CRIM 2:03–225.**

United States District Court,
D. South Carolina,
Charleston Division.

March 9, 2006.

Jill E. M. Halevi, Federal Public Defender's Office, Charleston, SC, for Petitioner.

Leroy Ricardo Smalls, Huger, SC, pro se.

John C. Duane, US Attorneys Office, Charleston, SC, for Respondent.

### ORDER

DUFFY, District Judge.

This matter is before the court upon Leroy Ricardo Smalls ("Smalls") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the court denies Smalls' motion for a reduction of sentence.

## BACKGROUND

On March 31, 2003, Smalls pleaded guilty to the sole count in the indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] In his motion for a reduction of sentence, Smalls asserts that pursuant to Amendment 599 to the United States Sentencing Guidelines Manual, the four-level enhancement he received under U.S.S.G. § 2K2.1(b)(5) was "impermissible double counting." (Mot. at 1–2.) Therefore, he asks the court to recalculate his sentence without the four-level enhancement under U.S.S.G. § 2K2.1(b)(5).

## DISCUSSION

Section 3582(c)(2) provides the following:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In considering a motion for resentencing under § 3582, the court has discretion to determine whether it will elect to impose the newly-calculated sentence under the amended guidelines or to retain the original sentence. *See United States v. Turner*, 59 F.3d 481, 483–84 (4th Cir. 1995) (recognizing that the application of a retroactive amendment is discretionary). This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a). *See United States v. Legree*, 205 F.3d 724, 727 (4th Cir.2000).

Amendment 599 to the Sentencing Guidelines went into effect on November 1, 2000, and it expanded the commentary to U.S.S.G. § 2K2.4 on the use of a firearm during or in relation to the commission of certain crimes. Specifically, Amendment 599 addresses the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a violation of § 18 U.S.C. § 924(c). *See* United States Sentencing Guidelines Manual, App. C, Vol. II (2003). Amendment 599 was made retroactive pursuant to § 1B1.10.

In the case *sub judice*, Smalls pleaded guilty to the sole count in his indictment, charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was not charged with violating 18 U.S.C. § 924(c), and he was not sentenced based on guidelines germane to 18 U.S.C. § 924(c). Thus, "Amendment 599 does not apply to or modify the guidelines under which he was sentenced." *United States v. Jacobs*, 162 Fed.Appx. 148, 149–50 (3rd Cir.2006) (unpublished); *see also United States v. Bennett*, 42 Fed.Appx. 611 (4th Cir. Aug.1, 2002) (finding the district court's denial of a motion for reduction of sentence proper because Amendment 599 did not apply to Bennett's guilty plea to violations of 18 U.S.C. §§ 922(u), 922(g)(1), and 922(j)) (unpublished); *United States v. Morrison*, 131 Fed. Appx. 46 (5th Cir. Apr.20, 2005) (finding Amendment 599 inapplicable where Morrison pleaded guilty to violating 18 U.S.C. § 922(g)(1)) (unpublished); *United States v. Chaney*, 61 Fed. Appx. 919 (5th Cir. Feb.19, 2003) (finding

---

1. At the time of his arrest following a traffic stop, Smalls had a .22 caliber revolver in his pocket and a medicine bottle containing seven pieces of crack cocaine in his glove compart-ment. (Presentence Report at ¶ 9.) Smalls' Plea Agreement states that he agrees to plead guilty to Count 1 of the indictment, charging him with a violation of 28 U.S.C. § 922(g)(1).

502

Amendment 599 inapplicable to a violation of 18 U.S.C. §§ 922(g) and 924(a)(2), where the sentencing was computed under U.S.S.G. § 2K2.1(b)(4), not U.S.S.G. § 2K2.4) (unpublished). Ultimately, because the court finds Amendment 599 inapplicable to this case, the court denies Smalls' motion for a reduction of sentence.

### CONCLUSION

It is therefore,

**ORDERED**, for the foregoing reasons, that Smalls motion for reduction of sentence is **DENIED**.

**AND IT IS SO ORDERED.**