

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# USA v. Fogle

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Fogle" (2009). *2009 Decisions.* Paper 1195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1737

———————

UNITED STATES OF AMERICA

v.

AARON FOGLE,

Appellant

———————

On Appeal from United States District Court
for the District of New Jersey
(D.C. No.: 3-06-cr-00501-001)
District Judge: Honorable Mary L. Cooper

———————

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and GARBIS,[*] *District Judge*.

(Filed: June 11, 2009)

———————

OPINION OF THE COURT

———————

———————

[*]     The Honorable Marvin J. Garbis, Senior District Judge for the United States
District Court for the District of Maryland, sitting by designation.

1

GARBIS, *District Judge*.

Appellant, Aaron Fogle ("Fogle"), convicted on a plea of guilty to a violation of 18 U.S.C. § 922(g)(1) [felon in possession of a firearm], appeals from a sentence of 41 months of incarceration, imposed by District Judge, Mary L. Cooper of the District of New Jersey.

For the reasons set forth here, we affirm the sentence.

I.

Because we write exclusively for the parties, we will recount only those facts essential to our decision.

On November 5, 2005, Fogle, then a convicted felon,[1] was involved in an altercation with two women and a man inside a bar. Fogle left the bar, waited in his car (a green Ford Expedition) and observed one of the women involved in the altercation (referred to as "N.R.") leave the premises and enter her car. Fogle then approached N.R.'s vehicle, tapped on the window, brandished a loaded handgun, and made a statement, discussed herein, to the effect that the only reason he did not shoot N.R. was because she had nothing to do with the altercation. Fogle then returned to his car and waited. N.R. called 911 and reported that a male inside a green Ford Expedition had pulled a gun. She also called the bar to inform the others of what had happened.

---

[1] In 1996, Fogle had been convicted of robbery, theft, and use of an imitation weapon for unlawful purposes, all crimes punishable by more than a year of imprisonment. He received an 8 year sentence.

The police arrived promptly and, upon their arrival, the bar owner pointed out Fogle's car. Fogle drove away but was stopped shortly thereafter. He was found to have a loaded handgun (later determined to be operable) and admitted that the weapon belonged to him.

Fogle was charged with violating 18 U.S.C. § 922(g)(1). After Fogle's motion to suppress evidence was denied, he pleaded guilty.

At sentencing, the District Court found Fogle's Sentencing Guideline Offense Level to be 22, determined as follows:

| | |
|---|---|
| Base Offense Level – USSG[2] § 2K2.1(a)(4) | 20 |
| Enhancement for use of a firearm in connection with another felony – USSG § 2K2.1(b)(6)[3] | +4 |
| Acceptance of responsibility – USSG § 3E1.1(a) | -2 |
| Total Offense Level | 22 |

The District Court found Fogle to have five Criminal History Category points, resulting in a Criminal History Category III classification. However, the District Court granted Fogle's motion for a downward departure to Criminal History Category II, pursuant to USSG § 4A1.3(b)(1), based on her finding that Category III overstated the seriousness of his criminal history.

_____

[2] U.S. Sentencing Guidelines Manual.

[3] In the November 2007 Guidelines Manual, this provision was renumbered from § 2K2.1(b)(5) to §2 K2.1(b)(6) but not otherwise changed. In the instant opinion, the Court will refer to the provision as § 2K2.1(b)(6).

3

Accordingly, Fogle's Sentencing Guideline range after the departure was 46 to 57 months, for Offense Level 22, Criminal History Category II.

However, the District Court granted Fogle's request for a downward variance and imposed a sentence of 41 months of incarceration, five months below the low end of Fogle's Guideline range.

On appeal, Fogle contends that the District Court erred by applying the USSG § 2K2.1(b)(6) enhancement and that the Judge, while granting a downward variance as requested, did not vary downward enough.

## II.

The Sentencing Guidelines provide, with respect to a defendant convicted of certain crimes involving firearms or ammunition, including Fogle's crime of conviction:

> If the Defendant used or possessed any firearm . . . in connection with another felony offense . . . increase [the Base Offense Level] by 4 levels.

USSG § 2K2.1(b)(6).

The Application Notes state that the enhancement applies "if the firearm . . . facilitated . . . another felony offense." USSG § 2K2.1 cmt. 14(A) (2007). The term "another felony" means "any Federal, state, or local offense, other than the . . . [crime of conviction in the case] . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at cmt. 14(C) (2007).

The District Court found that by his actions vis-à-vis N.R., Fogle had violated a New Jersey statute providing:

> Any person who has in his possession any firearm with a purpose to use it unlawfully against the person or property of another is guilty of a crime of the second degree.

N.J. Stat. Ann. § 2C:39-4(a) (2005)("the New Jersey Statute").

A defendant violates the New Jersey Statute if (1) the object possessed was a firearm; (2) the defendant possessed the firearm; (3) the defendant's purpose in possessing the firearm was to use it against the person or property of another; and (4) the defendant intended to use the firearm in a manner that was unlawful. *New Jersey v. Diaz*, 677 A.2d 1120, 1123 (N.J. 1996).

Fogle, acknowledging that he possessed a firearm, contends that he did not have a purpose to use it unlawfully against the person or property of another.

At the sentencing hearing, defense counsel stated that "what is alleged is that a statement is made by Mr. Fogle when he supposedly is carrying a weapon saying the only reason I don't pop one off at you is because I don't think you had anything to do with it. You are quite cute but [the other women] and her boyfriend, and then he walks away."[4] App. 401. Fogle contended that since he expressly stated that he was not going to shoot N.R., he could not be held to have possessed the firearm with a purpose to use it

---

[4] Fogel states in his brief, "According to ¶ 15 of the Presentence Report, [while tapping on he window of N.R.'s car] Fogle told [N.R.] that she was 'quite cute, but [the other woman] and her boyfriend (the defendant did not complete this statement as he walked away).'" App. Br. 17.

unlawfully against another person. The district judge disagreed, stating:

> [T]he firearm actually is possessed here, with a purpose to use it unlawfully against the person of another, [and] it is actually used in this case. So it goes beyond the mere possession with intent to use it unlawfully against -- [the purpose] is demonstrated by use, namely brandishing it. Which takes it beyond mere possession.

App. 411-12.

The district court properly found that Fogle used the firearm by brandishing it and, therefore, properly held that Fogle possessed the firearm with a purpose to use it unlawfully against the person of another. Thus, Fogle violated the New Jersey Statute.

Fogle, alternatively, argues that even if he violated the New Jersey Statute, the violation cannot be considered a predicate offence under USSG § 2K2.1(b)(6) because it is not distinct from the underlying federal offense [violation of 18 U.S.C. § 922(g)(1)]. *See United States v. Fenton*, 309 F.3d 825, 826 (3d Cir. 2002) ("[A] state law crime, identical and coterminous with the federal crime, cannot be considered as 'another felony offense' within the meaning of the Sentencing Guidelines.").

In *United States v. Navarro*, this Court stated:

> [A] two-part standard may be distilled for determining whether an offense committed in connection with possession of a firearm may support an enhancement under [section 2K2.1(b)(6)]. The first part of the test . . . is legal in nature and asks whether the predicate offense and the firearms possession crime each have an element that is not shared by the other. The second part of the test . . . is essentially factual in nature and asks whether more than mere possession of the firearm - brandishment or other use - was an integral aspect of the predicate offense. If these two questions are answered in the affirmative, then the four-level

6

enhancement under [section 2K2.1(b)(6)] should apply.

476 F.3d 188, 196 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 1065 (2008) (footnote and citations omitted).

The statute of conviction, 18 U.S.C. § 922(g)(1), and the New Jersey Statute contain different elements. Section 922(g)(1) is violated if a person who is a convicted felon merely possesses a firearm. In contrast, the New Jersey Statute is violated if any person possesses a firearm with a purpose to use it unlawfully. Accordingly, the statutes are distinct and pass the first part of the *Navarro* test. *See United States v. Lloyd*, 361 F.3d 197, 204-05 (3d Cir. 2004).

As to the second part of the *Navarro* test, the District Court reasonably concluded that the use of the firearm was an integral aspect of the violation of the New Jersey Statute. The evidence was sufficient to support the finding that brandishing the firearm was a significant aspect of Fogle's intimidating N.R., and putting her reasonably in fear that Fogle might fire the gun or otherwise cause serious injury.

Accordingly, the District Court properly applied the four level Offense Level enhancement provided by USSG § 2K2.1(b)(6).

## III.

The District Court determined that Fogle's Guideline Sentence range was 46 to 57 months, the range for Offense Level 22, Criminal History Category II.[5] The District

---

[5] After downward departure from III.

7

Court granted Fogle's request for a downward variance from the Guideline range in consideration of the 18 U.S.C. § 3553(a) factors.

The District Judge stated that she recognized that Fogle's offense warranted a severe sentence because he unlawfully possessed a gun and brandished it in threatening circumstances in the middle of the night outside of a bar with people around. Nevertheless, the District Judge stated that "a slight variance below the Guideline range is appropriate here for a combination of reasons." App. 448. These reasons included Fogle's long period of military service, long history of gainful employment, and the way in which he accepted responsibility in the case. Thus, the District Judge exercised her discretion under 18 U.S.C. § 3553(a) to reduce the Guideline range by one level (resulting in a range of 41 to 51 months) and sentenced Fogle at the low end of that range.

This Court reviews the sentence imposed by the District Court for unreasonableness, and will not reverse absent an abuse of discretion. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006). Fogle has the burden of demonstrating unreasonableness but provides no more than his view that the District Court should have weighed the stated mitigating factors more heavily and should have varied downward to a greater extent. The District Court's decision must be accorded great deference where the sentence is premised upon appropriate and judicious consideration of the relevant factors. *United States v. Lessner*, 498 F.3d 185, 204 (3rd Cir. 2007). "The decision by the [District Court], . . . not to give [the] mitigating factors the weight that [Fogle] contends they deserve does not render h[is] sentence unreasonable." *Id.*

This Court holds that the District Court's exercise of discretion with regard to the extent of the variance granted, was reasonable. There was no abuse of discretion in the District Court's imposition of a 41 month variant sentence.

For the foregoing reasons, we affirm the District Court's 41 month sentence.