[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

No. 05-16217
Non-Argument Calendar

_____

D. C. Docket No. 96-00013-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN WILSON,
a.k.a. Clinton Edwards,
a.k.a. Kevin Edwards,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 9, 2006)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Kevin Wilson appeals the denial of his motion made pursuant to 18 U.S.C.

§ 3582(c)(2), which permits resentencing in certain circumstances following an amendment to the Sentencing Guidelines. The district court denied the motion because, at Wilson's original sentencing, his offense level was reduced to prevent double counting, which remedied the same defect that the Guidelines were amended to correct. We agree that Wilson is not eligible for a new sentence and AFFIRM.

## I. BACKGROUND

In August 1996, Wilson was found guilty by a jury of assaulting a Drug Enforcement Administration agent in violation of 18 U.S.C. § 111(a), (b) and 18 U.S.C. § 1114; use of a firearm during of a crime of violence in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In January 1997, he was sentenced to 120 months for the first and third count, running concurrently, and 60 months for the second count, running consecutive to counts one and three.[1] In September 2005, Wilson asked the district court to review that 1997 sentence in light of Sentencing Guidelines

---

[1] Wilson also was sentenced in a separate case at the same hearing to 236 months imprisonment pursuant to the armed career criminal guideline, U.S.S.G. § 4B1.4 (1995). See R5-80 at 25. Wilson successfully argued that the Guidelines prescription of a criminal history category of VI over-represented the seriousness of his criminal history. The district court departed to a criminal history category of IV. Id. at 24. The court retained the prescribed base offense level of 34 for armed career criminals in Wilson's circumstances.

2

Amendment 599. Title 18 U.S.C. § 3582(c)(2) permits a district court to modify a prior sentence when the Sentencing Commission changes a guideline to allow a lesser sentence than the one previously received.

The district court observed that, at sentencing, Wilson's sentencing attorney had secured a reduction in the base offense level that accounted for Amendment 599 and denied the § 3582(c)(2) motion. Wilson argues on appeal that he is entitled to relief because he received a sentence for using a firearm during a crime and an enhancement to his underlying offense level for possessing a stolen firearm. He also argues that the district court erred in failing to conduct the two-part analysis of (1) recalculating his sentence under the amended Guidelines, and (2) deciding whether in its discretion, it would impose the newly calculated sentence or the original sentence.

## II. DISCUSSION

Following a motion by a defendant who has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements

3

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In considering a defendant's motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(2), a district court must engage in a two-part analysis: first, "the court must recalculate the sentence under the amended guidelines;" second, the court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence . . . or retain the original sentence." United States v. Bravo, 203 F.3d 778, 780–81 (11th Cir. 2000). We review a district court's decision regarding whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Of course, before the court engages in the two-step analysis, it must determine whether the amendment applies in the first place.

Effective November 2000, Amendment 599 altered Application Note 2 of § 2K2.4 and clarified the circumstances when a court may impose that weapons enhancement for defendants convicted of a firearms offense under 18 U.S.C. § 924(c). See 2003 Federal Sentencing Guidelines Manual, Supplement to Appendix C at 69–71. As amended, that section provides:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of

4

conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S.S.G. § 2K2.4 n.4 (2004) (emphasis added). The Sentencing Guidelines explicitly state that Amendment 599 can be retroactively applied upon a motion under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a), (c). Amendment 599 does not apply when a defendant's sentence was not increased because of his possession of a firearm. See United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003).

Turning to the facts of this case, it is clear that Amendment 599 does not affect Wilson's sentence. Wilson successfully argued at his original sentencing hearing that the specific offense characteristic increase pursuant to § 2K2.1(b)(5) (1995) constituted double counting, and the sentencing court reduced the PSI's recommended base offense level accordingly. Thus, Wilson cannot challenge his sentence based on that specific offense characteristic.

The other weapons-related adjustment was a two-level increase for possession of a stolen firearm during the offense. See U.S.S.G. § 2K2.1(b)(4). This increase was not affected by Amendment 599 because the § 2K2.1(b)(4) is an increase based on the nature of the firearm—i.e., that it was stolen—rather than on the defendant's possession, brandishing, use, or discharge. Cf. United States v. Hedger, 354 F.3d 792, 794 (8th Cir. 2004) (observing that the increase is based on

5

the nature of the weapon, i.e., that it was stolen). Further, nothing in 18 U.S.C. § 924(c) relates to the stolen nature of the weapon at issue, which further bolsters our conclusion that Amendment 599 does not affect the specific offense conduct at issue in U.S.S.G. § 2K2.1(b)(4), because the Amendment was enacted to ameliorate the overlap between the Guidelines and the statutory offense. See 2003 Federal Sentencing Guidelines Manual, Supplement to Appendix C at 69–71. For these reasons, Amendment 599 does not apply to any of the increases used at Wilson's original sentencing and he is not entitled to resentencing under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

Wilson has appealed the denial of his motion made pursuant to 18 U.S.C. § 3582(c)(2), which permits resentencing in certain circumstances following an amendment to the Sentencing Guidelines. The district court denied the motion because Wilson's original sentence would not have been decreased by Amendment 599. We conclude that Amendment 599 does not apply and, therefore, agree that Wilson is not eligible for a new sentence. **AFFIRMED**.